UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS YOVANNY SARAVIA, | No. 2:13-cv-1318 GGH |
| Petitioner, | |
| v. | ORDER AND |
| PEOPLE OF THE STATE OF CALIFORNIA, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but has not filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. It may be that this petition was sent to the wrong court as petitioner appears to have desired to file with the Sacramento Superior Court. Therefore, after examination of the filed documents, the case should be dismissed without prejudice in federal court for lack of exhaustion.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

---
[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

2   highest state court with a full and fair opportunity to consider all claims before presenting them to

3   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

4   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

5       After reviewing the petition for habeas corpus, the court finds that petitioner has failed to

6   exhaust state court remedies.  The claims have not been presented to the California Supreme

7   Court.  Further, there is no allegation that state court remedies are no longer available to

8   petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

9       Good cause appearing, IT IS HEREBY ORDERED that:

10      1.  A district judge be assigned to this case; and

11      2.  The Clerk of the Court is directed to serve a copy of these findings and

12  recommendations together with a copy of the petition filed in the instant case on the Attorney

13  General of the State of California.

14      IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

15  corpus be dismissed for failure to exhaust state remedies.

16      These findings and recommendations will be submitted to the United States District Judge

17  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, petitioner may file written

19  objections with the court.  The document should be captioned "Objections to Findings and

20  Recommendations."  Petitioner is advised that failure to file objections within the specified

21  /////

22  /////

23  /////

24  /////

---

25  [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
26  for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
    will start to run on the date on which the state court judgment became final by the conclusion of
27  direct review or the expiration of time for seeking direct review, although the statute of
    limitations is tolled while a properly filed application for state post-conviction or other collateral
28  review is pending.  28 U.S.C. § 2244(d).

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 9, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Sara1318.103